**This order is SIGNED.**

Dated: July 22, 2021




**WILLIAM T. THURMAN**
U.S. Bankruptcy Judge

*djs*

---

*Order Prepared and Submitted By:*
Jamie L. Nopper, #10703
Mark C. Rose, #13855
**McKay, Burton & Thurman, P.C.**
Gateway Tower West
15 West South Temple, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 521-4135
Facsimile: (801) 521-4252
E-mail: jnopper@mbt-law.com
E-mail: mrose@mbt-law.com
*Attorneys for Debtor and Debtor-In-Possession Offer Space, LLC*

---

### THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>OFFER SPACE, LLC<br><br>Debtor. | Bankruptcy Case 20-27480<br>(Chapter 11 – Subchapter V)<br><br>Judge William T. Thurman<br><br>**FILED ELECTRONICALLY** |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF DEBTOR'S PLAN OF LIQUIDATION UNDER SUBCHAPTER V OF CHAPTER 11**

Before the Court for consideration is Debtor and Debtor-in-Possession Offer Space, LLC's ("Debtor") *Plan of Liquidation under Subchapter V of Chapter 11* [ECF No. 52] (the "Plan"). A confirmation hearing on the Plan was held on July 22, 2021 at 2 p.m. (the "Confirmation Hearing"). Present at the Confirmation Hearing was Mark C. Rose, on behalf of Debtor, Melinda Wilden, on behalf of the United States Trustee, and D. Ray Strong, as the Subchapter V Trustee. All other counsel and parties noted their appearances on the record.

Based upon the evidence received at the Confirmation Hearing, including the Plan, the *Ballot Tabulation Register* [ECF No. 57], the *Declaration of Christopher Armstrong in Support of Confirmation of Debtor's Plan of Liquidation under Subchapter V of Chapter 11* [ECF No. 64], the stipulations between Debtor and JVTech, LLC, Strategic Task Management, Inc., Christopher Armstrong, and Unified Funding, LLC, which conditionally subordinated four alleged insiders' claims [ECF Nos. 58 through 61], and all other documents filed concerning the Plan [*e.g.*, ECF Nos. 53 and 54], the absence of any objections to confirmation of the Plan, the statements of counsel and other matters of record, having inquired into the legal sufficiency of the evidence adduced, and good cause appearing, the Court hereby **FINDS** and **CONCLUDES**[1] as follows:

1. <u>Exclusive Jurisdiction</u>. The Court has jurisdiction over the Bankruptcy Case[2] pursuant to 28 U.S.C. §§ 157 and 1334.

2. <u>Venue</u>. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. <u>Core Proceeding</u>. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and the Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

4. <u>Judicial Notice</u>. The Court takes judicial notice of the docket of the Bankruptcy Case maintained by the Bankruptcy Court, including, without limitation, all pleadings, papers, and other documents filed, all orders entered, and the transcripts of, and all minute entries on the

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.
[2] Capitalized terms used but not otherwise defined herein shall have the meanings provided in the Plan.

docket indicating the evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of the Bankruptcy Case.

5. <u>Transmittal and Mailing of Materials; Notice</u>. All due, adequate, and sufficient notices of the Plan, the Confirmation Hearing, and the deadlines for voting on and filing objections to the Plan, were given to all known holders of Claims and Interests in accordance with the Bankruptcy Code, the Bankruptcy Rules and the orders of this Court. The Plan, notice of the Plan, and applicable deadlines, and relevant ballots were transmitted and served in substantial compliance with the Bankruptcy Code, the Bankruptcy Rules, and the orders of this Court upon Creditors and holders of Equity Interests entitled to vote on the Plan, and such transmittal and service were, and are, adequate and sufficient. No other or further notice of the Plan or the Confirmation Hearing is or shall be required.

6. <u>Solicitation</u>. Pursuant to 11 U.S.C. § 1181(b), 11 U.S.C. § 1125 does not apply in this case. As evidenced by the docket in this case, including the Plan, the Notice(s), the Certificate(s) of Service and the Ballot Tabulation Summary, the Plan was disseminated to all creditors and interest holders entitled to vote together with appropriate ballots. Further, the Plan and Notice(s) were transmitted and served on all parties entitled to notice and a copy of the Plan (including all creditors on the mailing matrix and all persons entitled to vote on the Plan) in substantial compliance with the Bankruptcy Code, the Bankruptcy Rules, and relevant orders of the Court. All procedures used to distribute solicitation materials for the Plan and to tabulate the ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Court, and all other rules, laws, and regulations. Accordingly, Debtor's solicitation of acceptance of the Plan complied with the applicable provisions of the Bankruptcy

Code and the orders of this Court, including 11 U.S.C. §§ 1126, 1189, and 1190, Bankruptcy Rules 3016 and 3018, all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations. Based on the record before the Court in the Bankruptcy Case, Debtor has acted in "good faith" within the meaning of 11 U.S.C. § 1125 and is entitled to the protections afforded by 11 U.S.C. § 1125(e).

7. <u>Distribution</u>. All procedures used to distribute the solicitation materials to the applicable holders of Claims and Interest, and to tabulate the ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the orders and local rules of the Bankruptcy Court, and all other rules, laws, and regulations.

8. <u>Creditors' Acceptance of Plan</u>. The Plan establishes four Classes of Claims. Classes 1 (Priority Claims), 2 (General Unsecured), and 4 (Equity Interests) are impaired under the Plan. No Class 1 or Class 4 ballots were cast, so Classes 1 and 4 are deemed to have accepted the Plan.[3] Class 2 unanimously voted to accept the plan. *See Ballot Tabulation Register* [ECF No. 57]. Class 3 is unimpaired, so Class 3 is deemed to have accepted the Plan. No Class of Claims rejected the Plan. In summary, all Classes of Claims and Interests either have accepted by affirmative vote or are deemed to have accepted the Plan.

9. <u>Subchapter V of Chapter 11 of the Bankruptcy Code Applies</u>. Pursuant to 11 U.S.C. § 103(i), Debtor (a) is a "debtor" as defined in 11 U.S.C. § 1182, and (b) elected that subchapter V of Chapter 11 shall apply to the Bankruptcy Case.

    a. Debtor is a person engaged in commercial or business activities that has aggregate noncontingent liquidated secured and unsecured debts as of the Petition Date in an

---

[3] *See, e.g., In re Ruti-Sweetwater, Inc.*, 836 F.2d 1263, 1267-68 (10th Cir. 1988); *In re John Kuhni Sons, Inc.*, 10-29038 RKM, 2011 WL 1343206 at *4 (Bankr. D. Utah Mar. 30, 2011); *In re Jones*, 530, F.3d 1284, 1291 (10th Cir. 2008); *In re Armstrong*, 292 B.R. 678, 684 (10th Cir. B.A.P. 2003).

amount not more than $7,500,000 (excluding debts owed to 1 or more affiliates or insiders) not less than 50 percent of which arose from the commercial or business activities of Debtor;

      b.      Debtor is not a person whose primary activity is the business of owning single asset real estate;

      c.      Debtor is not a member of a group of affiliated debtors that has aggregate noncontingent liquidated secured and unsecured debts in an amount greater than $7,500,000 (excluding debt owed to 1 or more affiliates or insiders);

      d.      Debtor is not a corporation subject to the reporting requirements under section 13 or 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78m or 78o(d)); and

      e.      Debtor is not an affiliate of an issuer as defined in section 3 of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78c).

10.    <u>The Plan Complies with 11 U.S.C. § 1129(a)(1)</u>. The Plan complies with the applicable provisions of the Bankruptcy Code, including the following:

      a.      <u>Proper Classification</u>. As required by 11 U.S.C. § 1123(a)(1), Article 4 of the Plan properly designates Classes of Claims and classifies only substantially similar Claims in the same classes pursuant to 11 U.S.C. § 1122.

      b.      <u>Specify Unimpaired Classes</u>. Class 3 – Miscellaneous Secured Claims was the only unimpaired Class of Claims, and it was property classified under the Plan.

      c.      <u>Specify Treatment of Impaired Classes</u>. Classes 1, 2, and 4 are designated as impaired under the Plan. Article 5 of the Plan specifies the treatment of the impaired Classes of Claims, thereby satisfying 11 U.S.C. § 1123(a)(3).

  d. <u>No Discrimination</u>. The Plan provides for the same treatment for each Claim or Interest in each respective Class, unless the holder(s) of a particular Claim(s) has agreed to less favorable treatment with respect to such Claim, thereby satisfying 11 U.S.C. § 1123(a)(4).

  e. <u>Implementation of Plan</u>. The Plan provides adequate and proper means for its implementation, thereby satisfying § 1123(a)(5). Among other things, Articles 6 and 7 of the Plan provide for (a) the vesting of the property of Debtor and its chapter 11 bankruptcy Estate in the Reorganized Debtor, (b) the Reorganized Debtor's use and retention of property, and (c) distributions to creditors.

  f. <u>Corporate Charter Provision Inapplicable</u>. 11 U.S.C. § 1123(a)(6) is satisfied in that the Plan does not provide for the issuance of nonvoting equity securities. Without limitation, the Plan specifies that (a) the Reorganized Debtor will remain a limited liability company, and, (b) does not provide for the issuance of any non-voting "securities" of a corporation. Under Article 5, paragraph 4(b) of the Plan, "[e]ach record holder of an Equity Interest in the Debtor shall retain its interest in the Debtor."

  g. <u>Additional Plan Provisions</u>. The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including provisions regarding (a) the assumption and/or rejection of executory contracts and unexpired leases, (b) the retention and enforcement by Debtor of claims under Chapter 5 of the Bankruptcy Code and under applicable non-bankruptcy law, and (c) modification of the rights of holders of secured claims. Thus, 11 U.S.C. § 1123(b) is satisfied.

  h. <u>Bankruptcy Rule 3016(a)</u>. The Plan is dated and identifies Debtor as its proponent, thereby satisfying Federal Rule of Bankruptcy Procedure 3016(a).

i.  <u>Filing of the Plan</u>. The Plan was filed by Debtor. The original deadline for submitting a plan was March 30, 2021, which was 90 days after the Petition Date. On March 12, 2021, Debtor filed a stipulated motion to extend the plan filing deadline.  On March 25, 2021, the Court entered an order extending the plan filing deadline to May 28, 2021.  On May 27, 2021, Debtor filed and served the Plan.  Accordingly, the requirements of 11 U.S.C. § 1189 are satisfied.

j.  <u>Contents of Plan</u>. The Plan includes (a) a brief history of Debtor and its business operations in Article 2, Section B, (b) a liquidation analysis in Article 2, Section D, and on Exhibit B to the Plan, and (c) projections with respect to the ability of Debtor to make payments under the Plan in Article 2, Section E and on Exhibit A to the Plan. Thus, the requirements of 11 U.S.C. § 1190(1) are satisfied.

k.  <u>Contents of Plan</u>. The Plan dedicates all future earnings and income of Debtor to be used for distributions under the Plan, to be distributed by the Distribution Agent. Because the Plan is being confirmed under 11 U.S.C. § 1191(a), and not pursuant to 11 U.S.C. § § 1191(b), the Court finds and concludes that 11 U.S.C. §§ 1194(a) and 1194(b) do not apply. Accordingly, the Reorganized Debtor shall be, and serve as, the Distribution Agent. Thus, the requirements of 11 U.S.C. § 1190(2) are satisfied.

l.  <u>Contents of Plan</u>. 11 U.S.C. § 1190(3) does not apply. The Plan does not modify the rights of the holder of a claim secured only by a security interest in real property that is the principal residence of Debtor.

11.  <u>The Plan and the Proponent Comply with the Bankruptcy Code</u>. The Plan complies with the applicable provisions of the Bankruptcy Code. Likewise, Debtor has complied

with the applicable provisions of the Bankruptcy Code. Thus, 11 U.S.C. §§ 1129(a)(1) and (a)(2) are satisfied. Among other things:

    a.    Debtor is the proper proponent of the Plan under 11 U.S.C. § 1189(a);

    b.    the Plan complies, and Debtor has complied, generally with applicable provisions of the Bankruptcy Code; and

    c.    Debtor has complied with the applicable provisions of the Bankruptcy Code, including 11 U.S.C. § 1125, the Bankruptcy Rules, and orders of the Bankruptcy Court in transmitting the Plan, ballots, related documents and notices, and in soliciting and tabulating votes on the Plan.

12.    <u>Good Faith</u>. Debtor filed the Bankruptcy Case in good faith and for a valid bankruptcy purpose. Additionally, the Plan is proposed in good faith and not by any means forbidden by law, and therefore complies with the requirements of 11 U.S.C. § 1129(a)(3). Among other things:

    a.    Debtor filed this Chapter 11 Case, and Debtor has proposed the Plan for a valid bankruptcy purpose;

    b.    neither this Case nor the Plan was filed as a litigation tactic or for delay;

    c.    Debtor has been, and is, actively prosecuting this Case;

    d.    Debtor proposed the Plan with the legitimate and honest purpose of, among other things, providing for the collection and liquidation of Debtor's assets, and providing a meaningful return to creditors;

    e.    the Plan is the fruit of arms-length negotiations with creditors, and includes input from the Subchapter V Trustee appointed under 11 U.S.C. § 1183;

    f. the Plan contemplates that Debtor's assets will be liquidated, collected, and distributed to the holders of Allowed Claims; and

    g. the Plan contemplates that the claims of creditors will be satisfied by cash distributions to the holders of Allowed Claims, to be paid directly by Debtor.

  1. <u>Payments for Services or Costs and Expenses</u>. Pursuant to Article 3 of the Plan, all fees and expenses of Professionals incurred through and including the Effective Date will be subject to the Court's approval, and will be paid through distributions under the Plan, as authorized by 11 U.S.C. § 1191(e) (unless otherwise agreed by Debtor and the holder of such Administrative Expense Claim). Moreover, Article 11 of the Plan provides that this Court will retain jurisdiction after the Effective Date to hear and determine all applications by the Subchapter V Trustee, Professionals, and others and others for compensation and reimbursement of expenses relating to the period prior to the Effective Date. Accordingly, the Plan complies with 11 U.S.C. § 1129(a)(4).

  13. <u>No Rate Changes</u>. No governmental regulatory commission has jurisdiction over the approval of the rates of Debtor. Thus, 11 U.S.C. § 1129(a)(6) is inapplicable.

  14. <u>Best Interests of Creditors Test</u>. The Plan was accepted by all Classes of Claims and Interests. Further and in any event, the Plan provides that each holder of a Claim will receive or retain under the Plan on account of its Claim property of a value, as of the Effective Date of the Plan, that is not less than the amount such holder would receive or retain if the Case were converted to Chapter 7, and the Estate were liquidated by a Chapter 7 trustee.

15. <u>Acceptance by Certain Classes</u>. All Classes of Claims and Interests have accepted the Plan, as noted above, thereby satisfying 11 U.S.C. § 1129(a)(8). No Class of Claims or Interests has rejected the Plan.

16. <u>Treatment of Administrative Expense Claims and Priority Tax Claims</u>. The Plan satisfies the requirements of 11 U.S.C. §§ 1129(a)(9) and 1191(e). Except to the extent the holder of a particular Claim agrees to a different treatment, the Plan specifies that Administrative Expense Claims (including professional compensation) and Priority Tax Claims shall be paid as mandated by 11 U.S.C. §§ 1129(a)(9) and 1191(e) (except to the extent that a holder agrees otherwise).

17. <u>Acceptance by at Least One Impaired Class</u>. All impaired Classes have accepted the Plan, as shown by the Ballot Tabulation Register and other stipulations and filings of record. The acceptance of at least one of such accepting impaired Classes has been determined without including the votes of any insiders, thus satisfying 11 U.S.C. § 1129(a)(10).

18. <u>Feasibility</u>. The Plan is feasible and complies with 11 U.S.C. § 1129(a)(11). The Plan does not contemplate that Debtor will continue in business. Rather, the Plan contemplates that Debtor's assets will be liquidated, collected and distributed to the holders of Allowed Claims. In short, complete liquidation of Debtor already is proposed in the Plan. Accordingly, confirmation is not likely to be followed by a liquidation or the need for further financial reorganization of Debtor, except as expressly provided for in the Plan.

19. <u>Payment of Fees</u>. Because this is a case under Subchapter V of Chapter 11, no fees are payable under 28 U.S.C. § 1930. Thus, 11 U.S.C. § 1129(a)(12) is satisfied.

20. <u>Continuation of Retiree Benefits</u>. Debtor is not obligated to pay any retiree benefits subject to 11 U.S.C. § 1114. Therefore, 11 U.S.C. § 1129(a)(13) is inapplicable.

21. <u>No Domestic Support Obligations</u>. Debtor does not have any domestic support obligations. Therefore, 11 U.S.C. § 1129(a)(14) is inapplicable.

22. <u>Transfers Will Comply with Nonbankruptcy Law</u>. The Plan complies with 11 U.S.C. § 1129(a)(16) because any transfers of assets to be made under the Plan will be made in accordance with applicable nonbankruptcy law that governs the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

23. <u>Principal Purpose of Plan</u>. The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of the application of section 5 of the Securities Act of 1933, as amended. Therefore, the Plan complies with 11 U.S.C. § 1129(d).

24. <u>Confirmation Pursuant to § 1191(a)</u>. All Classes of Claims and Interest have accepted (or are deemed to have accepted) the Plan. Further, as described above, all of the requirements of 11 U.S.C. § 1129(a), other than paragraph (15) of that section, are met. Accordingly, the Court is confirming the Plan pursuant to 11 U.S.C. § 1191(a).

25. <u>Fair and Equitable; No Unfair Discrimination</u>. As described above, all of the applicable requirements of 11 U.S.C. § 1129(a) are satisfied, including paragraphs 1129(a)(8) and 1129(a)(10). Further, the Plan complies with 11 U.S.C. § 510(a). Accordingly, confirmation pursuant to the "cram down" exception under 11 U.S.C. § 1191(b) is not necessary. To the extent 11 U.S.C. § 1191(b) applies, however, the Plan is fair and equitable and does not discriminate unfairly as to any Class of Claims or Interests, except as otherwise stipulated or agreed upon by the particular holder.

26. <u>No Other Plan.</u> Although 11 U.S.C. § 1129(c) does not apply to this SBRA Case, 11 U.S.C. § 1129(c) nonetheless is satisfied since no other Chapter 11 plan is pending or has been confirmed in this Case.

The Court announced other findings of fact and conclusions of law on the record at the Confirmation Hearing, which findings and conclusions are incorporated herein by reference. In summary, the Plan complies with, and Debtor has satisfied, all applicable confirmation requirements, and the Plan will be confirmed by entry of the separate Confirmation Order.

----------------------------------------------- END OF DOCUMENT -----------------------------------------

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing **FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF DEBTOR'S PLAN OF LIQUIDATION UNDER SUBCHAPTER V OF CHAPTER 11** shall be served to the parties and in the manner designated below:

**By Electronic Service**: I certify that the parties of record in this case as identified below, are registered CM/ECF users, and will be served notice of entry of the foregoing Order through the CM/ECF System:

United States Trustee, USTPRegion19.SK.ECF@usdoj.gov
Mark C. Rose, mrose@mbt-law.com; markcroselegal@gmail.com
Deborah Rae Chandler, dchandler@aklawfirm.com;
Blake D. Miller, bmiller@aklawfirm.com, millermobile@gmail.com
David W. Newman, David.W.Newman@usdoj.gov, Lindsey.Huston@usdoj.gov;
James.Gee@usdoj.gov; Rinehart.Peshell@usdoj.gov; Rachelle.D.Armstrong@usdoj.gov;
Brittany.Eichorn@usdoj.gov
D. Ray Strong, rstrong@thinkbrg.com, UT30@ecfcbis.com, drstrong@ecf.axosfs.com
Melinda Willden, melinda.willden@usdoj.gov, Lindsey.Huston@usdoj.gov,
James.Gee@usdoj.gov, Rinehart.Peshell@usdoj.gov, Rachelle.D.Armstrong@usdoj.gov,
Brittany.Eichorn@usdoj.gov
Gregory S. Moesinger, gmoesinger@kmclaw.com, tsanders@kmclaw.com
**All other parties entitled to CM-ECF notice in this matter**

**By U.S. Mail**: In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

All parties identified on the mailing matrix for this case.

_____
Deputy Clerk